830 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benetta J. and Kevin R. WaLKER, Plaintiffs-Appellants,
v.
Cindy L. and Daniel L. HERBERT, Defendants-Appellees.
 No. 87-3155
 United States Court of Appeals, Sixth Circuit.
 September 30, 1987.
 
 ORDER
 Before CORNELIA G. KENNEDY and KRUPANSKY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 
 1
 The plaintiffs appeal the denial of a preliminary injunction in this action under the Fair Housing Act of 1968, 42 U.S.C. Sec. 3601, et seq. The plaintiffs, although desiring to brief and argue this appeal, now suggest their appeal may be moot. The defendants have not responded to this suggestion.
 
 
 2
 The plaintiffs filed this action alleging the defendants refused to rent a housing unit to them because of racial prejudice. They also filed a motion for a preliminary injunction enjoining the defendants from renting or selling the unit during the course of the action. The district court denied that motion on grounds the plaintiffs had failed to show irreparable harm, but could be compensated by damages. The plaintiffs appealed, seeking to raise on appeal their argument that they did not need to show irreparable harm to be entitled to a preliminary injunction under the Fair Housing Act.
 
 
 3
 The plaintiffs immediately filed a motion in this Court for an injunction pending appeal. Although a single judge of this Court granted an injunction on an emergency basis, a three-judge panel later vacated that order, thereby denying injunctive relief pending appellate review.
 
 
 4
 The plaintiffs now have advised the Court that the defendants sold the housing unit in question in March, 1987. They urge the Court, however, to permit the appeal to proceed on grounds it is capable of repetition, yet evading review, and presents a substantial question of law for which there is no clear answer in this Circuit.
 
 
 5
 Upon consideration of the record before us, we conclude there is no persuasive reason in this case not to apply the mootness doctrine. Even if the plaintiffs were to prevail on appeal, the remedy sought by this appeal, i.e., an injunction enjoining the defendants from renting or selling the housing unit, is no longer available.
 
 
 6
 It therefore is ORDERED that this appeal is dismissed for reasons of mootness. Rule 9(b)(1), Rules of the Sixth Circuit.